UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VINCENT R. COCCOLI, SR.,<br>*Plaintiff,*<br><br>vs.<br><br>DAVID D'AGOSTINO, JR., ESQ; DAVID D'AGOSTINO, SR.; PETER FURNESS, ESQ.; ALDEN HARRINGTON, ESQ.; DAVID PROVONSIL; JEFFREY HANSON; THEODORE PRYZBYLA; THE TOWN OF SCITUATE; TOWN OF SCITUATE PLAN COMMISSION/BOARD; SCITUATE TOWN COUNCIL,<br>*Defendants.* | No. 1:19-cv-00489-WES-LDA |

## MUNICIPAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT IN LIEU OF ANSWSER

### I. Introduction

Pro se Plaintiff Vincent R. Coccoli, Sr., ("Plaintiff"), initially filed a "verified complaint and request for injunctive relief" against multiple Defendants, including the Town of Scituate ("Town"), David D'Agostino, Sr., David Provonsil, Jeffrey Hanson, Theodore Pryzbyla, (collectively "Municipal Defendants"). See Docket at #1.  On October 15, 2019, the Municipal Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  See Docket at #8.  On October 22, 2019, Plaintiff filed an "amended verified complaint and request for injunctive relief."  Id. at #19.[1]

---

[1] As noted, the Municipal Defendants filed their initial motion to dismiss on October 15, 2019.  One day later, Plaintiff filed an opposition to the Municipal Defendant's motion.  See Docket at #16.  Despite responding to the motion to dismiss, Plaintiff filed his amended complaint on October 22, 2019.  Id. at #19.  Plaintiff does not identify the procedural mechanism under which he purports to amend his complaint.  The Municipal Defendants presume that Plaintiff does so pursuant to Fed. R. Civ. P. 15(a)(1)(B) which, among other things, allows a party to amend a pleading once as a matter of course within 21 days after the service of a responsive pleading or a motion pursuant to Fed. R. Civ. P. 12(b).

1

*Coccoli v. Scituate*
*C.A. No. 1:19-cv-00489-WES-LDA*

The amended complaint is against the same Defendants as the initial complaint but changes the underlying counts. The amended complaint includes five counts, however, only two of the counts are against the Municipal Defendants.[2] Id. at Counts 1, 5. The amended complaint relates to Plaintiff's unsuccessful efforts to develop the Hope Mill property in Scituate, Rhode Island, and Plaintiff's ongoing state court litigation related to those efforts. Id. at pgs. 2, 6, 21, 26. This federal court action is Plaintiff's obvious attempt to relitigate his unsuccessful claims brought before Rhode Island State Courts. Id. at pg. 2; see generally Latimer v. N.C. Department of Transportation, 3:19-cv-00465-GCM, 2019 U.S. Dist. LEXIS 184112 (W.D.N.C. Oct. 24, 2019) (Rooker-Feldman doctrine bars federal courts from sitting in direct review of state court decisions). The Municipal Defendants now move to dismiss the amended complaint in lieu of answer pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must present facts that make his claim plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff must present 'factual allegations that raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 545. "'[W]hile detailed factual allegations are not required, a formulaic

---

[2] Plaintiff also attempts to bring suit against the past and present members of the Town of Scituate's Town Council and Planning Board. Amended Complaint, Docket at #19 at pg 3. Plaintiff, however, does not name or identify the alleged past and present members. Plaintiff could have identified these individuals with "reasonable inquiry" but did not. Stratton v. City of Boston, 731 F. Supp. 42, 45 (D. Mass. 1989). As a result, any alleged claim against the past and present members of the Town Council and the Planning Board should be dismissed. See generally id. Even if, however, that Court views the claims as against these unnamed individuals in their official capacities, the claims are duplicative of the claims against the Town. See generally Crenshaw v. Town of Scarbourough, No. 15-cv-40086-TSH, 2018 U.S. Dist. LEXIS 52625, at *10 n.10 (D. Mass. Mar. 29, 2018).

*Coccoli v. Scituate*
*C.A. No. 1:19-cv-00489-WES-LDA*

2

recitation of the elements of a cause of action is not sufficient.'" DeLucca v. Nat'l Educ. Ass'n, 102 F. Supp. 3d 408, 411 (D.R.I. 2015) (quoting Ashcroft v. Iqbal, 556 U.S., 662, 678 (2009)).

The plausibility inquiry is a two-step process. Doe v. Brown Univ., 166 F. Supp. 3d 177, 184 (D.R.I. 2016) (citations omitted). First, the district court must separate a complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited). Id. A complaint's legal conclusions are disregarded and have no impact on whether the pleading states a plausible claim. See Caron v. FedEx Freight, Inc., No. 16-15M, 2016 U.S. Dist. LEXIS 152685, at *7 (D.R.I. Oct. 3, 2016). Second, "the court must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged." Doe, 166 F. Supp. 3d at 184 (internal quotation marks omitted) (emphasis added). While the district court should accept as true "all well-pleaded factual averments" and indulge "all reasonable inferences in the plaintiff's favor," this standard "does not force [a court] to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). "In a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriquenos Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (emphasis added).

Although pro se complaints are held to less stringent standards than complaints drafted by attorneys, Plaintiff's pro se status does not excuse him from compliance with procedural rules and substantive law. Bogosian v. R.I. Airport Corp., No. 17-16S, 2017 U.S. Dist. LEXIS 106872 (D.R.I. May 3, 2017), adopted in part and modified in part, 2017 U.S. Dist. LEXIS 107524 (D.R.I. July 10, 2017); Laurence v. Wall, C.A. 07-066-ML, 2007 U.S. Dist. LEXIS 104105

(D.R.I. 2007).  Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Moreover, each allegation must be "simple, concise, and direct."  Id. at (d)(1).  "Even pro se complaints must meet the standards of Fed. R. Civ. P. 8(a)(2)."  Bogosian, 2017 U.S. Dist. LEXIS 106872 at *10 (emphasis added).  The short and plain statement must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  Gargano v. Liberty International Underwrites, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal quotation marks omitted) (emphasis added).

### III. The Allegations in the Complaint

This matter arises out of state court litigation instituted by Plaintiff as a result of his failed attempts to develop the Hope Mill Property in Scituate, Rhode Island.  See Amended Complaint, Docket at #19 at pgs. 2, 21, 26; see also Coccoli v. Scituate Town Council, 184 A.3d 1113 (R.I. 2018); Coccoli v. Scituate Town Council, PC-2015-3539 (R.I. Super. Ct.); LaBonte v. New England Development, R.I. LLC, P.M. 2010-4650 (R.I. Super. Ct.) (Receivership).[3]  Plaintiff initially filed a complaint against the Town and other municipal defendants in 2015.  See Amended Complaint, Docket at #19 at pg. 21 ("Legal Summary").  The Rhode Island Superior Court granted the municipal defendants' motion for summary judgment on all counts in the complaint and Plaintiff subsequently appealed the matter to the Rhode Island Supreme Court.  Id. The Rhode Island Supreme Court affirmed the Superior Court decision on all counts in the

---

[3] The Court's review on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the four corners of the complaint.  See Trans-Spec Truck Serv. Inc. v. Caterpillar Inc., 524 F.3d 315 (1st Cir. 2008).  The state court proceedings are, however, referred to in Plaintiff's complaint and are proper for the Court's consideration.  See generally Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000) (court may consider facts outside of the complaint that are subject to judicial notice, including matters of public record); Rivera v. Centro Medicode Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (in some instances, court may consider documents that are part of, or incorporated into, the complaint).

*Coccoli v. Scituate*
*C.A. No. 1:19-cv-00489-WES-LDA*

complaint but one. Id.; see also Coccoli, 184 A.3d 1113. The Rhode Island Supreme Court vacated the Superior Court's decision with respect to Plaintiff's breach of contract claim. Complaint at ¶¶ 39-40; Coccoli, 184 A.3d 1113. After remand on that claim, however, the Municipal Defendants again filed a motion for summary judgment before the Superior Court. See Amended Complaint, Docket at #19 at pg. 21 ("Legal Summary"). The Superior Court granted the motion and judgment entered on January 22, 2019. See Coccoli, PC-2015-3539 (R.I. Super. Ct. January 22, 2018).

On May 28, 2019, approximately four months *after* the appeal period expired, Plaintiff filed a motion for reconsideration of the summary judgment decision based on purported newly discovered evidence. See Amended Complaint, Docket at #19 at pg. 21 ("Legal Summary") The alleged "newly discovered evidence," inter alia, included an audio recording of what Plaintiff alleges is a 2015 Scituate Town Council "Closed Session" meeting. Id. at pg. 22. In July 2019, the Rhode Island Superior Court denied Plaintiff's motion for reconsideration. Id. at pg. 26; see also Coccoli, PC-2015-3539 (R.I. Super. Ct. July 31, 2019). Plaintiff has appealed the matter to the Rhode Island Supreme Court. See Amended Complaint, Docket at #19 at pg. 26.

In his federal court complaint, Plaintiff alleges that *two* Rhode Island Superior Court Judges were biased against him in his state court actions and "erred and/or abused their discretion with biased decisions" against him. Id. at pg.26. As best as Municipal Defendants can decipher, Plaintiff also appears to allege that certain excerpts that he has quoted from the 2015 audio recording of the "Closed Session" meeting reflects "Defendants . . . interference and abuse of their authority" and somehow supports his federal court complaint. Id. at 8-9, see also pgs. 12, 14, 23-25. The Municipal Defendants are at a loss to decipher how the quoted excerpts

5

plausibly support *any* of Plaintiff's claims. The excerpts from the audio recording that Plaintiff includes in his complaint, however, simply reflect discussions about the Hope Mill Property and its status in a Receivership. Id. at pg. 23-25.

## IV. Analysis

### A. Plaintiff's Complaint Fails To State a Claim Upon Which Relief May Be Granted For Multiple Reasons.

*1. The Complaint Fails To Identify The Particular Conduct of Any Municipal Defendant Giving Rise To Any Alleged Liability In Either Count 1 or Count 5.*

Beyond cursory conclusory references to the "Town," and one reference to Mr. D'Agostino, Sr., the *only* place in the complaint in which the name of any Municipal Defendant appears is in the caption of the complaint and in the section of the complaint identifying the parties. See Amended Complaint, Docket at #19 at pgs. 2-4. Beyond these perfunctory references identifying the parties, the amended complaint contains *no other references* to any specific Municipal Defendant. In fact, the complaint includes no substantive allegations against any of the Municipal Defendants.

A complaint must have "facial plausibility" — that is, Plaintiff must plead "factual content that allows the [C]ourt to draw the reasonable inference that the [specific] defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (emphasis added). To draw such an inference, the complaint must allege facts linking each defendant to the grounds on which that defendant is potentially liable. Id. If the complaint fails to do so with respect to a defendant, the complaint must be dismissed with respect to the applicable defendant. See generally id.; see also Redondo Waste Sys. v. López-Freytes, 659 F.3d 136, 139-41 (1st Cir. 2011). The "complaint must allege facts linking each defendant to the grounds on which that particular defendant is

6

potentially liable.  <u>If the complaint fails to do so, then we must affirm [a] dismissal order</u>." <u>Redondo</u>, 659 F.3d at 140 (emphasis added).

In the absence of substantive allegations, persons who are only named in the caption are not proper parties.  <u>See</u> <u>Uzamere v. United States</u>, No. 13-505S, 2013 U.S. Dist. LEXIS 153474, at *45 (D.R.I. Aug. 26, 2013), <u>report and recommendation adopted</u>, 2013 U.S. Dist. LEXIS 153841 (D.R.I. Oct. 25, 2013); <u>see also</u> <u>Redondo</u>, 659 F.3d at 140 (a defendant named in a case caption but not mentioned in body of complaint "fails the [<u>Iqbal</u>] plausibility test <u>spectacularly</u>") (emphasis added).  Moreover, Plaintiff's allegations against all "Defendants" fare no better.  <u>See</u> <u>Laurence v. Wall</u>, No. CA 09-427 ML, 2009 U.S. Dist. LEXIS 115103, at *6 (D.R.I. Dec. 10, 2009) (sweeping allegations regarding conduct of "all defendants" without any additional facts "fail[s] to provide adequate specificity to state a claim against these defendants, especially given plaintiff's misguided choice to name so many defendants."), <u>report and recommendation adopted</u>, 2009 U.S. Dist. LEXIS 115300 (D.R.I. Nov. 24, 2009).

As a result of Plaintiff's far-flung conclusory allegations, it is impossible for the Municipal Defendants to determine the alleged conduct for which Plaintiff contends that *each* of the Municipal Defendants is potentially liable.  Plaintiff's naked assertions without pointing to specific supporting allegations are insufficient to survive a motion to dismiss.  <u>See</u> <u>Kilgore v. Providence Place Mall</u>, No. 16-135 S, 2016 U.S. Dist. LEXIS 71315, at *15 (D.R.I. April 1, 2016) (sweeping allegations against all defendants without any additional facts fails to provide the adequate specificity to state a claim); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678 (plaintiff cannot rely on naked assertions devoid of further factual enhancement); <u>Levi v. Gulliver's Tavern, Inc.</u>, No 15-216 S, 2016 U.S. Dist. LEXIS 16204, at *8 n.2 (D.R.I. Feb. 10, 2016) ("without some semblance of factual allegations and an indication of <u>which Defendant acted and when</u>, <u>that ties the</u>

7

<u>Defendants' specific action to a recognized cause of action</u>, Plaintiff[] ha[s] not alleged claims against the individual defendants for which relief can be granted") (internal quotation marks omitted) (emphasis added); <u>Schofield v. United States</u>, No. 11-170-M, 2012 U.S. Dist. LEXIS 101620 (D.R.I. July 23, 2012) (same); <u>Redondo</u>, 659 F.3d at 140 (complaint must allege facts linking each defendant to the grounds on which that particular defendant is potentially liable).

The amended complaint fails to set forth even a scintilla of evidence linking any one or more of the Municipal Defendants with any factual allegation at all, let alone one that would plausibly suggest liability. Plaintiff has failed to state a claim against any of the Municipal Defendants and, as a result, the motion to dismiss should be granted.

Notwithstanding the premise that the amended complaint fails to identify the particular conduct of a Municipal Defendant giving rise to alleged liability, the complaint fails to state a claim for additional reasons.

2. *Counts 1 and 5 Are Nothing More Than Plaintiff's Failed Attempt At Pleading A Rigid Recitation of The Elements of a Cause of Action.*

In Count 1, Plaintiff purports to bring what appear to be claims of tortious interference with contract and/or tortious interference with prospective contractual relations with respect to a number of alleged contracts, agreements and/or relationships. To prevail on a claim of tortious interference with contractual relations, Plaintiff must establish (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his intentional interference; and (4) damages resulting therefrom. <u>Ims v. Town of Portsmouth</u>, 32 A.3d 914 (R.I. 2011). Plaintiff must show that the interference is not only intentional, but also improper. <u>Id.</u> The element of intentional interference requires a showing of legal malice—meaning "an intent to do harm without justification"—or that the alleged interferor acted "for an improper purpose." <u>Greensleeves, Inc. v. Smiley</u>, 68 A.3d 425, 434 (R.I. 2013). To prevail on a claim for intentional

interference with prospective contractual relations, a party must establish: (1) the existence of a business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an intentional act of interference, (4) proof that the interference caused the harm sustained, and (5) damages to the plaintiff. La Gondola, Inc. v. City of Providence, 210 A.3d 1205, 1221 (R.I. 2019). The claims of tortious interference with a contract and tortious interference with prospective contractual relations are similar in that both claims require knowledge of the contract or relationship, an intentional act of interference, improper purpose, and damages. See generally LaDonla, Inc. v. City of Providence, 210 A.3d 1205 (R.I. 2019) (elements of claims are nearly identical).

In Count 1A of the amended complaint, Plaintiff alleges that all Defendants interfered with a memorandum of understanding. Amended Complaint; Docket at #19 at pg. 7. Count 1A is made up of wholly conclusory allegations. Plaintiff's general conclusory and unspecified alleged acts of interference fail to allege a plausible claim against any particular Municipal Defendant. See e.g., Amended Complaint, Docket #19 at pg. 9 ("intentional delay of decisions[,]" "interference with abuse of authority[,]" " violations of federal and/or state law or unethical business practices, deceit, misrepresentation, defamation, trade libel and violations of the Rhode Island Open Meetings Law"). In addition, Plaintiff's allegation that he will present evidence during discovery of "malicious" actions is utterly insufficient to support the legal malice standard. Id.; see generally Doe v. Amherst College, 238 F. Supp. 3d 195, 221 (D. Mass. 2017) (conclusory allegation that defendants acted maliciously is insufficient to satisfy a malice standard). Plaintiff's conclusory allegation that "all Defendants knew of the relationship" fails to allege which particular Defendant knew of the alleged relationship or alleged contract and how that particular Defendant or Defendants acquired that knowledge. Moreover, Plaintiff wholly

fails to allege *when* the particular alleged interference by any Municipal Defendant took place. Plaintiff must "at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriquenos Accion, 367 F.3d at 68. Moreover, count 1A sets out a conclusory allegation of harm. Amended Complaint, Docket at #19 at pg. 9.

Furthermore, the memorandum of understanding that Plaintiff claims was interfered with was an agreement between Plaintiff and the Town. Id. at pg. 8. The claim also fails against the Municipal Defendants because a party cannot interfere with its own contract. See Robertson Stephens, Inc. v. Chubb Corp., 473 F. Supp. 2d 265, 275 (D.R.I. 2007) (stating it is "well-settled that a party cannot tortiously interfere with its own contract"); URI Cogeneration Partners, LP v. Bd. of Governors for Higher Educ., 915 F. Supp. 1267, 1289 (D.R.I. 1996) (stating that it is "clear" that tortious interference applies only to parties outside the agreement). Count 1A fails to state a claim against any Municipal Defendant.

Count 1B fairs no better. In Count 1B, Plaintiff alleges that "Defendants" interfered with a purchase and sales agreement he had with a receiver. Amended Complaint, Docket at # 19 at pg. 10. Plaintiff again makes a conclusory allegation that "all Defendants knew of the relationship" yet fails to allege which particular Defendant knew of the purchase and sale agreement and how that particular Defendant or Defendants acquired that knowledge. Id. Once again, Plaintiff fails to allege the specific acts of interference by a particular Municipal Defendant and instead alleges wholly conclusory and non-specific allegations that all "Defendants engaged in . . . violations of federal or state law or unethical business practices, misrepresentation, unfounded litigation, defamation [and] trade libel." Id. Plaintiff's allegation of harm, like that in Count 1, is wholly conclusory. Id. ("Vincent R. Coccoli, Sr. was harmed").

Count 1B fails for the same reason Count 1A fails – it is the epitome of one long conclusory allegation.

Counts 1C and 1D appear to allege tortious interference with Plaintiff's "economic relationship[s]" with the United States Department of Interior, Fallbrook Credit Finance, and the State of Rhode Island concerning purported federal and state tax credits related to the development of the Hope Mill Property. Amended Complaint, Docket at #19 at pgs.11-14. Again, with respect to the Municipal Defendants, Plaintiff fails to allege which Municipal Defendant knew of the purported relationships and how they knew about it. Id. at pgs. 12, 14. Plaintiff, again, alleges the same wholly conclusory and vague accusations of interference as to all Defendants. Id. at pg. 12 ("Defendants engaged in violations of federal or state law or unethical business practices, misrepresentation, unfounded litigation, defamation, and trade libel[,]" and pg. 14 (same). Counts 1C and 1D are wholly conclusory and likewise fail.

Count 1E alleges that Defendants interfered with a "contract" he had with Michael Belfonti. Id. at pg. 15. Plaintiff makes the same conclusory allegations of all Defendants' knowledge of the contract, acts of interference, harm and damages that he made with respect to the other Counts in Count 1. See generally Amended Complaint, Docket at #19 at 15. Count 1E fails for the same reasons noted with respect to the other Counts in Count 1. In the end, Count 1 is laced with conclusory allegation after conclusory allegation; it is no more than Plaintiff's failed attempt at setting forth "a formulaic recitation of the elements of a cause of action . . . ." DeLucca, 102 F. Supp. 3d at 411 (quoting Ashcroft, 556 U.S. at 678). Count 1 certainly does not give each Municipal Defendant notice of what the claim is against each of them and the ground upon which that claim rests. Gargano, 572 F.3d at 48.

In Count 5 of the amended complaint, Plaintiff alleges that "each of the Defendants" breached a fiduciary duty they owed to him as a result of "all the various contracts described in this complaint." Amended Complaint, Docket at #19 at pg. 20. Plaintiff alleges that "each" Defendant breach this alleged fiduciary duty by using "sensitive information to their benefit or disclos[ed] confidential information." Id.

In order to recover on a breach of fiduciary duty claim, Plaintiff must show (1) the existence of a fiduciary duty, (2) breach of that duty, and (3) damages proximately caused by the breach. Filippi v. Filippi, No. WC/KB-2016-0627, 2017 R.I. Super. LEXIS 163, at *57-58 (R.I. Super. Ct. Dec. 14, 2017). To determine whether a fiduciary duty exists, courts look at the "degree to which one party relies upon the other, the history of the parties' relationship preceding the incident spawning the alleged breach, the parties' relative level of business sophistication, and the willingness of one party to accept guidance from the other." Café La France v. Schneider Securities, Inc., 281 F. Supp. 2d 361, 372 (D.R.I. 2003).

Once again, the Municipal Defendants are left to divine "who did what to whom, when, where, and why." Educadores Puertorriquenos Accion, 367 F.3d at 68. To the extent that Plaintiff alleges that a fiduciary duty arose as a result of a contractual obligation, the only contract alleged in the Amended Complaint between any Municipal Defendant (the Town) and Plaintiff is the memorandum of understanding. Plaintiff has failed to allege the distinct contractual language from the memorandum of understanding creating this purported fiduciary duty. Moreover, with respect to this agreement or any other agreement, a breach of a fiduciary duty is distinct from "ordinary contractual duties." Hands On Video Relay Services v. American Sign Language Services Corp., No. Civ. S-09-996-LKK/DAD, 2009 U.S. Dist. LEXIS 124899, at *14 (E.D. Ca. August 12, 2009). The "existence of a fiduciary relationship is limited to the

unusual case where the relationship goes far beyond that found in the ordinary business transaction." Fraioli v. Lemcke, 328 F. Supp. 2d 250, 267 (D.R.I. 2004) (emphasis added).

Furthermore, even if Plaintiff had properly plead a fiduciary duty, the allegations concerning the alleged breach of the purported duty are, once again, wholly conclusory and non-specific. Plaintiff alleges that "[e]ach defended [sic] used sensitive information to their benefit or disclosed confidential information." Amended Compliant; Docket at #19 at pg. 20. Plaintiff, again, wholly fails to allege (1) the specific Municipal Defendant or Defendants who allegedly disclosed the alleged sensitive or confidential information, (2) what the information was, and (3) when it was disclosed. Last, Plaintiff's allegation of harm is, again, conclusory. Plaintiff's claim for breach of fiduciary duty fails to state a claim.

### B.  Plaintiff's Claims Are Barred By Res Judicata.

The Municipal Defendants submit that, even if this Court were to find that Plaintiff has pled sufficient facts to state valid claims, those claims are nonetheless barred by the doctrine of res judicata. "[R]es judicata is intended to foreclose parties from multiple attempts to obtain relief for the same harm through the use of new legal theories." United States v. Cunan, 156 F.3d 110, 116 (1st Cir. 1998) (internal quotation marks omitted). Because the Court must determine the preclusive effect of a judgment entered by a Rhode Island state court, Rhode Island state law on the doctrine of res judicata applies. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 183 (1st Cir. 2006); Uzamere v. United States, No. 13-505S, 2013 U.S. Dist. LEXIS 153474 (D.R.I. August 26, 2013) (forum state's law applies preclusive res judicata effect of state court judgments).

Generally, the term res judicata is used to refer to two doctrines: res judicata or claim preclusion and collateral estoppel or issue preclusion. Plunkett v. State, 869 A.2d 1185 (R.I.

2005). "The doctrine of res judicata bars the relitigation of all issues that were tried or <u>might have been tried</u> in an earlier action." <u>Huntley v. State</u>, 63 A.3d 526, 531 (R.I. 2013) (emphasis added) (internal quotation marks omitted). The doctrine serves as an "absolute bar to a second cause of action" where there is an (1) identity of parties; (2) identity of issues; and (3) finality of judgment. <u>Id.</u>

"Where a motion to dismiss is premised on res judicata, [the court] may take into account, in addition to the well-pleaded facts in the complaint, the record in the original action." <u>Medina-Padilla v. United States Aviation Underwriters, Inc.</u>, 815 F.3d 83, 85 (1st Cir. 2016). Identify of parties exists if the parties are the same or the parties to the earlier action are in privity with the parties to the later action. <u>Lennon v. Dacomed Corp.</u>, 901 A.2d 582 (R.I. 2006). In this matter it is clear that identity of parties exist. In the state court action Plaintiff sued the Scituate Town Council, individual members of the Council, Town Officials, and the Receiver. <u>See</u> <u>Coccoli</u>, 184 A.3d at 1115 n.2. In this matter, Plaintiff brings suit against the Town, various Town officials, the Receiver and his attorney, and, at the time, the Town Solicitor, David D'Agostino, Esq. <u>See</u> Complaint at ¶¶ 6-15. Although the current action includes additional Defendants, those Defendants are either associated with the Town or privies to a party involved in the state court action. <u>See</u> generally <u>Huntley v. State</u>, 63 A.3d 526, 531 (R.I. 2013) (defendants were in privity with the state because they were all members of state government or employees of the state); <u>see</u> <u>also</u> <u>Hofman v. Fermilab NAL/URA</u>, 205 F. Supp. 2d 900 (N.D. Ill. 2002) (lawyers added to second suit were in privity with their clients).

An identity of issues is established where "all claims arising from the same transaction or series of transactions which could have properly been raised in a previous litigation are present in the latter suit." <u>Huntley</u>, 63 A.3d at 531 (internal quotation marks omitted). In this matter it is

undeniable that the facts underlying this complaint are the same as those underlying the state court complaint. See generally Amended Complaint, Docket at #19 at pg. 21.

Last, final judgment has entered in the state court proceeding. As noted above, Plaintiff's initial complaint, filed in state court in 2015, contained four counts. Coccoli, 184 A.3d at 1116. The Superior Court granted summary judgment for Defendants on all counts in the complaint. Id. at 1116-1117. The Rhode Island Supreme Court affirmed the Superior Court decision with respect to counts 2-4 of the complaint but vacated the decision with respect to count 1 of the complaint – a breach of contract claim. Id. at 1118-1121. In fact, one of the counts that the Rhode Island Supreme Court dismissed is the *same* claim Plaintiff attempts to bring in this Federal Court complaint – a tortious interference with contractual relationship claim. Id. at 1119-1120. On remand to the Superior Court, Plaintiff sought to amend the complaint several times, including to add claims for malicious prosecution, conspiracy, and criminal contempt. See e.g., Coccoli, PC-2015-3539, Docket at June 20, 2018. The Superior Court *denied* that motion and likewise denied subsequent attempts by Plaintiff to amend the complaint. Id. at Oct. 5, 2018; November 5, 2018; January 14, 2019 Orders. On January 14, 2019, the Superior Court granted summary judgment in favor of Defendants on the sole remaining count in the complaint – the breach of contract claim. Id. at January 14, 2019 Order. Final judgment entered on January 22, 2019. Id. at January 22, 2019.

Plaintiff did not file a notice of appeal. On May 28, 2019, however, approximately four months *after* the appeal period had expired, Plaintiff filed a "Motion for Reconsideration." Id. at May 28, 2019; see generally Art. I, Rule 4(a) of the Rhode Island Supreme Court Rules of Appellate Procedure (in a civil case a notice of appeal must be filed within 20 days of the date of entry of judgment). The Superior Court treated the motion for reconsideration as one pursuant to

*Coccoli v. Scituate*
*C.A. No. 1:19-cv-00489-WES-LDA*

R.I. Super. Ct. R. Civ. P. 60(b) and denied the motion. See Coccoli, PC-2015-3539, Docket at July 31, 2019. On August 1, 2019, Plaintiff filed a notice of appeal to the Rhode Island Supreme Court. Id. at August 1, 2019.

"A motion for reconsideration is not recognized under the Superior Court Rules of Civil Procedure." Baumgartner v. Am. Std., Inc., C.A. No. PC-13-4151, 2016 R.I. Super. LEXIS 10, at *4 (Jan. 22, 2016). The Rhode Island Supreme Court has repeatedly stated that "motions to reconsider do not serve as a substitute for a party's failure to file a timely appeal." City Nat'l Bank v. Main & West, LLC, 103 A.3d 141, 141 (R.I. 2014) (internal citations omitted) (mem.). "Neither a Rule 60 motion nor a motion to reconsider may serve as a substitute for a party's failure to file a timely appeal." Turacova v. DeThomas, 45 A.3d 509, 515 (R.I. 2012) (citing Gray v. Stillman White Co., 522 A.2d 737, 740 (R.I. 1987)). "[A] motion filed under Rule 60(b) does not affect the finality of a judgment or suspend its operation," and a valid judgment "may be vacated pursuant to Rule 60(b) for the specific reasons set forth in the rule and will not operate to revive an otherwise moribund appeal." Id. at 515.

As noted, Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure requires that a notice of appeal be filed within twenty days after the entry of final judgment. Iozzi v. City of Cranston, 52 A.3d 585, 588 (R.I. 2012). Plaintiff, therefore, had until February 11, 2019 to appeal the Superior Court's judgment. A judgment becomes "final upon expiration of the period allowed for appeals[.]" Marcello v. Neves, 912 A.2d 420, 420 (R.I. 2006) (mem.). Since Plaintiff failed to do so, he has lost his ability to validly appeal the state court judgment, thereby rendering it final for purposes of res judicata.

> The trial justice's grant of [Defendants'] summary-judgment motion became final once the twenty-day appeal period had expired. When no appeal had been filed by [Plaintiff] within that period, the doctrine of res judicata became effective as a matter of law. Thus, the order granting the summary judgment is

16

*Coccoli v. Scituate*
*C.A. No. 1:19-cv-00489-WES-LDA*

> conclusive not only as to the issues raised in this litigation but also in regard to any issues that might have been properly raised and litigated.

Title Inv. Co. v. Fowler, 504 A.2d 1010, 1013 (R.I. 1986). Plaintiff's claims are barred by the doctrine of res judicata.[4]

### IV. Conclusion

For the reasons set forth herein, the Municipal Defendants respectfully ask that this Court grant their motion to dismiss.

        Defendants,
        By their attorneys,


        */s/ Patrick K. Cunningham*
        Patrick K. Cunningham (#4749)
        DeSisto Law LLC
        60 Ship Street
        Providence, RI 02903
        (401) 272-4442
        patrick@desistolaw.com


        */s/ Michael A. DeSisto*
        Michael A. DeSisto (#2444)
        DeSisto Law LLC
        60 Ship Street
        Providence, RI 02903
        (401) 272-4442
        michael@desistolaw.com

---

[4] Plaintiff's amended complaint acknowledges that there are ongoing state receivership proceedings. See generally Cohen v. Stewart, Civil No.:WDQ-14-0611, 2014 U.S. Dist. LEXIS 78355 D. Md. June 5, 2014) (federal court abstained from exercising jurisdiction on a motion for a preliminary injunction and temporary restraining order as a result of ongoing state court receivership proceedings.)

*Coccoli v. Scituate*
*C.A. No. 1:19-cv-00489-WES-LDA*

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that the within document has been electronically filed with the Court on this 4th day of November 2019 and is available for viewing and downloading from the ECF system. Service on the pro se plaintiff, as listed below, will be effectuated by electronic means:

Vincent R. Coccoli, Sr., Pro Se
vincoccoli@verizon.net

David M. D'Agostino, Esq.
daviddagostino@horhamlaw.com

Peter J. Furness, Esq.
Peter@Rhf-lawri.com

Alden C. Harrington, Esq.
Aldean@Rhf-lawri.com


                                            */s/ Patrick K. Cunningham*