## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

Vincent R. Coccoli, Sr.

v.                                                    C.A. No. 19-489

David D'Agostino, Jr. Esq.
David D'Agostino, Sr.
Peter J. Furness, Esq.,
Alden C. Harrington, Esq.
David Provoncil,
Jeffrey Hanson
Theodore Pryzbyla
The Town of Scituate
Town of Scituate Plan Commission/Board
Scituate Town Council

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS IN LIEU OF ANSWER OF DEFENDANT ALDEN C. HARRINGTON, ESQ.

## INTRODUCTION

Plaintiff Vincent R. Coccoli Sr. ("Plaintiff), acting pro se has filed a "Verified Complaint and Request for Injunctive Relief" listing multiple defendants most of whom are officials of the Town of Scituate, but also Peter J. Furness, the Receiver for New England Development, RI, LLC ("NED"){"Furness" or "Receiver") and the Receiver's attorney Alden C. Harrington, Esq. ("Harrington").[1] See *LaBonte v. New England Development LLC.* PM-2010-465

---

[1] Harrington was served on September 26, 2019 with a response due by October 16,2019. Furness was served a number of days thereafter, and his responsive pleading is due on October 28, 2019. Harrington requested the courtesy of an extension of time to file his Response so that Receiver's Response and Harrington's Response would be due at the same time. Plaintiff refused. Harrington's Motion will address only issues that are specific to Harrington without waiving significant issues that relate to Plaintiff's allegations regarding the Receiver.

## PROCEDURAL HISTORY

As detailed in the Motion and Memorandum of the Municipal Defendants, (ECF Docket 8) and Motion and Memorandum of David M. D'Agostino, (ECF Docket 12) this action comes only after years of litigation between Plaintiff Coccoli and the Municipal Defendants.[2] *Coccoli v. Town of Scituate,* Providence County Superior Court C.A. 2015-3549.[3] Furness was initially named a Defendant in that matter but was voluntarily dismissed by the Plaintiff in December of 2015 after Furness' filing of a Motion to Dismiss. In addition, the Plaintiff has been an active participant and litigant in the Receivership matter, *LaBonte v. New England Development, LLC,* Providence County Superior Court C.A. 2010-4650. Furness is the Receiver and Harrington has represented the Receiver in a number of contested issues in the course of the of the Receivership proceedings involving the Plaintiff. Other than acting as counsel to the Receiver, Harrington has had no other status as a party or a witness in either case nor has the Plaintiff set forth any facts that might cause him to be a Defendant in this proceeding.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the Court must "accept the well-pleaded facts as true" and "view factual allegations in the light most favorable to the plaintiff." *Rederford v.*

---

[2] Defendant Harrington incorporates where applicable the arguments set forth in the Municipal Defendants' Memorandum of Law in Support of their Motion to Dismiss in Lieu of Answer. Defendant Harrington will offer pertinent additional argument herein.

[3] Reference to filings and orders in State Court proceedings are subject to judicial notice and may be submitted in connection with a Motion to Dismiss pursuant to 12(b)(6) without the Motion becoming subject to F.R. Civ. P 56.

*U.S. Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009). Dismissal under Rule 12(b)(6) is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

As noted in the Memorandum of the Municipal Defendants at p. 2-3, and, Judge Selya in *Aulson v. Blanchard* et. al. 83 F.3d 1, 3  (1st Cir. 1996) commented:

> We hasten to add, however, that this deferential standard does not force the appellate court to swallow the Plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited. *See Correa-Martinez*, 903 F.2d at 52; *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989).

In ¶37-49 of his pleading Plaintiff complains of actions by the Municipal Defendants particularly as it relates to Plaintiff's prior litigation against these Defendants in *Coccoli v. Town of Scituate et al.* C.A. 2015-3539.  Defendant Harrington's role in said litigation was limited to preliminary appearances that preceded the voluntary dismissal of the Receiver.  There is no allegation that Defendant Harrington had any additional involvement in that litigation as either counsel for the Receiver or as a party.  That proceeding was commenced neither by Defendant Harrington nor the Receiver.

As pointed out by the Municipal Defendants and Defendant David M. D'Agostino with regard to their alleged activities, the Plaintiff has failed to identify with particularity any conduct on Harrington's part that might give rise to any alleged liability; cannot support any federal constitutional claims as to Defendant Harrington and cannot sustain a viable claim to an allegation of a conspiracy.

## ARGUMENT

The Complaint Fails to State a Claim For Malicious Prosecution as to Defendant Harrington

The elements of the tort of malicious prosecution include: (1) a prior criminal or civil proceeding; (2) instituted maliciously and without probable cause, and (3) terminated unsuccessfully for the Plaintiff (the Defendant of the malicious prosecution claim) *Palazzo v. Alves* 944 A.2sd 144. 152-153 (RI 2008).

**1. The Plaintiff's Allegations as to Defendant Harrington are Vague and Unsupported**

Defendant Harrington attracts little attention in the Plaintiff's pleading. In ¶9 he is identified as an attorney without further factual allegations that connect him with the Plaintiff's complained of activities. Notably there are no allegations that connect Defendant Harrington with any of the Town governmental bodies or Town Officials – and there is no basis to do so.

In ¶¶ 24-27 Plaintiff alleges that Defendants Harrington and Furness[4] "…created malicious prosecution based on 'allegations of contempt'…". Plaintiff's Complaint at ¶26 makes reference to a contempt proceeding where the Plaintiff apparently feels aggrieved by the result. Even with some knowledge of the prolonged history of this case and two separate contempt proceedings it is impossible to determine from the Complaint exactly what action on the part of Defendant Harrington is the source of Plaintiff's grievance or any hint at what makes that conduct actionable. A Defendant should not be forced to guess at the factual basis of the Plaintiff's claim. Fed. R. Civ. P. 8(a)(2) *Gargano v. Liberty International Underwriters, Inc.* 572 F.3d 45, 48 (1st Cir. 2009).

**2. Plaintiff Coccoli cannot sustain a claim for Malicious Prosecution as there is an absence of litigation instituted maliciously that was terminated unsuccessfully for the Defendant herein**

---

[4] Furness is Harrington's Partner in Richardson, Harrington & Furness, Inc., formerly Boyajian, Harrington, Richardson & Furness, Inc. Furness is the Receiver for New England Development, RI, LLC ("NED") appointed in August 2010.

Harrington represented the Receiver in two contempt proceedings brought by the Receiver against Plaintiff Coccoli. See *LaBonte v. New England Development* P.M. 2010-4650. Attached hereto at Exhibit A is the transcript of the Hon. Justice Michael Silverstein's (Ret.) findings on the Receiver's Contempt Motion as to Plaintiff Coccoli. Attached hereto at Exhibit B is a copy of the July 13, 2016 Order finding Coccoli in contempt and entering further and more specific injunctive relief against him in order to prevent his continued interference with the Hope Mill Receivership and the Receiver's Court-approved sale of the Hope Mill. [5]  Coccoli did not appeal the January 8, 2016 Order entered by Judge Silverstein approving the Receiver's Petition to Sell. A copy of the January 8, 2016 Order is attached hereto as Exhibit C.

Undeterred by Justice Silverstein's admonitions, Plaintiff's behavior forced the Receiver to file a Supplemental Motion for Contempt in 2017. This Motion was resolved by agreement with Coccoli without factual findings. A copy of the Order is attached hereto at Exhibit D. Although there were no findings, the Order entered significantly restricts Plaintiff Coccoli's litigious behavior regarding the Hope Mill, the Receiver, his attorney and other participants in the proposed sale and redevelopment of the Hope Mill. The fact that the second contempt matter was resolved through a settlement without findings cannot constitute a "favorable resolution" so as to support a malicious prosecution claim. *Palazzo v. Alves* 153-154 an cases cited therein. See also *Miller v. Metropolitan Property and Casualty Insurance Co. et al.* (partial summary judgement granted as to malicious prosecution claim).

---

[5]  Plaintiff Coccoli filed an appeal to the Rhode Island Supreme Court. (Docket No. SU-2016-0239) He did not seek a stay of the applicable Orders in conjunction with this appeal nor is there any basis for an appeal.

Plaintiff makes no allegation that he successfully defended against any contempt action brought by the Receiver with Harrington as Counsel. In fact, just the opposite occurred. There is not a single word of the Court's findings or Orders where Coccoli can claim success. Not only is Plaintiff Coccoli also subject to the general injunction in ¶12 of the original Receivership Order, he is subject to the more specific injunction directed to him specifically contained in ¶5 of Justice Silverstein's July 13, 2016 Order (Exhibit B), as well as the more expansive Order entered in November of 2017.

Plaintiff has failed to make any allegation of any fact that would give rise to a claim of malicious prosecution against Defendant Harrington.

## **CONCLUSION**

Plaintiff's Complaint is little more than a compendium of grievances with his State Court experience which are completely lacking in specific facts which can support any viable legal claim, constitutional or otherwise, against Defendant Harrington.

For the reasons set out herein and in the Memorandum of the Municipal Defendants, Plaintiff's Complaint as to Defendant Harrington must be dismissed.

Alden C. Harrington,
By his attorney,

*/s/ Peter J. Furness*
Peter J. Furness, Esq. (#3608)
Richardson, Harrington & Furness
182 Waterman Street
Providence, R.I. 02906
Phone (401) 273-9600
Peter@Rhf-lawri.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2019 I electronically filed the within document with the U. S. District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Patrick Cunningham
Patrick@Desistolaw.com

Michael Desisto
Michael@Desistolaw.com

Vincent R. Coccoli, Sr.
Vincoccoli@verizon.net

David D'Agostino, Jr. Esq.
DavidDagostino@gorhamlaw.com


/s/Tiffany Sebzda

### CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2019 I electronically filed the within document with the  U. S. District Court for the District of Rhode Island using the CM/ECF System.  The following participants have received notice electronically:

**Patrick Cunningham**
**Patrick@Desistolaw.com**

**Michael Desisto**
**Michael@Desistolaw.com**

**Vincent R. Coccoli, Sr.**
**Vincoccoli@verizon.net**

**David D'Agostino, Jr. Esq.**
**DavidDagostino@gorhamlaw.com**

*/s/Tiffany Sebzda*

Case 1:19-cv-00489-WES-LDA  Document 22-2  Filed 11/05/19  Page 9 of 32 PageID #: 471
Case 1:19-cv-00489-WES-LDA  Document 15-1  Filed 10/16/19  Page 1 of 7 PageID #: 146

164

1       MR. COCCOLI:  Correct.

2       THE COURT:  You said 2000.

3       MR. COCCOLI:  No, no, I'm sorry.

4       THE COURT:  All right.  Go ahead.

5       MR. COCCOLI:  2000 -- the money that -- and that I

6   spent from 2010 through 2014 preserved the estate.  If I

7   did not jump through hoops, twenty-two --

8       THE COURT:  Wasn't that all in consideration of the

9   various purchase and sale agreements that you had?

10       MR. COCCOLI:  Yes, Your Honor, and that's correct.

11   But at the -- I'm just saying the attitude, he --

12       Mister Harrington is representing that --

13   misrepresenting my efforts.  I took a chance and I was --

14   I'm so committed.  If it's not $10,000 for insurance, any

15   time I had to belly up to the bar, whether it would be

16   insurance or cleaning up a 22,000 gallon, 134 tons' worth

17   of re -- there'd be no estate here, we wouldn't even be

18   here now.

19       So, I am trying to do the best I can do.  I am not

20   in willful contempt.  I assure you, Your Honor, I am not

21   in willful contempt.

22       THE COURT:  Thank you.

23       MR. COCCOLI:  Thank you, sir.

24       THE COURT:  This matter is before the Court at this

25   point in connection with the, essentially, motion by the

Case 1:19-cv-00489-WES-LDA   Document 22-2   Filed 11/05/19   Page 10 of 32 PageID #: 472
Case 1:19-cv-00489-WES-LDA   Document 15-1   Filed 10/16/19   Page 2 of 7 PageID #: 147

165

1    Receiver, Mr. Furness, to hold Mr. Coccoli in contempt.

2    The alleged contempt deals primarily, in the view of this

3    Court, with actions taken by Mr. Coccoli contrary to the

4    provisions contained in the order, initial order

5    appointing a permanent receiver in this case, an order

6    that was entered actually by me in August of 2010.

7    August 31, to be precise.

8        And as argued to the Court by counsel to the

9    Receiver, Paragraph 12 contains a prohibition against

10   anyone with knowledge of the existence of that order and

11   of its language from "...interference with the permanent

12   receiver in the discharge of his duties by any of such

13   parties as aforesaid..."

14       While there is no question in the Court's mind that

15   Mr. Coccoli had knowledge of the entry of this order for

16   many years, the evidence before the Court discloses

17   clearly that he, in fact, received notice subsequent to

18   the filing of his suit against the Town of Scituate and

19   others.  And the clear and convincing evidence is that he

20   received it at a time when he was being asked either

21   forcefully through court process or voluntarily, as

22   turned out to be the fact, to drop the Receiver as a

23   party to that proceeding.

24       Accordingly, the Court would hold that all of the

25   acts, all of the acts that took place before that cannot

Case 1:19-cv-00489-WES-LDA   Document 22-2   Filed 11/05/19   Page 11 of 32 PageID #: 473
Case 1:19-cv-00489-WES-LDA   Document 15-1   Filed 10/16/19   Page 3 of 7 PageID #: 148

166

1    be found to be contemptuous of the order because that's

2    the first time that we can establish or that it has been

3    established that the defendant here received notice,

4    specific notice.

5         It is clear, however, to the Court, but I am not

6    going to make a finding, that he had notice before that.

7    That doesn't mean that to determine what his state of

8    mind has been in connection with acts that took place

9    subsequent to that time one cannot refer back to actions

10   that took place before.

11        And while talking about, as perhaps the Court

12   shouldn't but I am going to, state of mind.  It is

13   somewhat clear to this Court that Mr. Coccoli's life, at

14   least as has been demonstrated here, has revolved around

15   this mill site.  That he is heavily invested personally

16   in the effort to rehabilitate for housing purposes or for

17   whatever purpose this what I now am told is a peninsula,

18   I didn't know that until I heard his closing argument,

19   that this is important to him.

20        However, the sanctity of the receivership process is

21   important to this Court, to the judicial system dealing

22   with distressed properties, which is one major area of

23   receivership practice.  It's not the only area.  The

24   evidence that has been put before the Court demonstrates

25   to the Court that in his zeal to accomplish that which he

1    thinks should be accomplished and to deter those who he

2    feels cannot accomplish that that he has overstepped the

3    permissive bounds.

4         There is no question but that a party who is

5    aggrieved has a right to seek legal redress. But when,

6    as it presently seems to this Court, based on the

7    evidence before it, that process is abused, and one can

8    say, Not my fault, I hired a constable to do it, and that

9    constable hired an out-of-state constable to comply with

10   the Commonwealth's laws, the one who set the arrow in the

11   quiver for the bowman to use must bear the

12   responsibility. And that responsibility here was to

13   interfere with the purchaser who had been obtained by the

14   Receiver and to call into question by that purchaser

15   whether he ought to proceed.

16        The Court is not sure that the defendant here in

17   this contempt proceeding, the alleged contemptee, who the

18   Court's going to find to be in contempt, the Court's not

19   sure that he understood that his actions specifically,

20   likely would have the effect of precluding financing for

21   what the Court is told is a multimillion dollars'

22   project. The Court's experience tells it that -- my many

23   years of banking law experience tell me that it's going

24   to cause or could cause very substantial problems to

25   Mr. Derosas and his -- his group.

1   The Court holds that Mr. Coccoli in his actions

2 subsequent to the time when it is abundantly clear that

3 he had notice of the provisions of the order appointing

4 the permanent receiver, which is still a valid order of

5 this Court, undertook to interfere with the Receiver in

6 the performance of his obligations; and further, that

7 they were part of a calculated plan to ultimately bring

8 to fruition the aspirations of Mr. Coccoli to end up as

9 the developer of the project that hopefully at some point

10 will take place at the Hope Mills.

11   The Court is not faulting Mr. Coccoli for his

12 aspirations.  The Court is faulting him and finding him

13 in contempt because when he didn't win after three

14 attempts, when for whatever reason, I am not intimately

15 aware of the reason, on three different occasions that he

16 wasn't able to bring it to fruition, he was seeking, as

17 he indicates on Page 15 of the Collins deposition taken

18 on December 17, 2015, stating on Line 15 and continuing

19 over onto the next page, that what he's trying to do is

20 get back in the game.  But that getting back in the game

21 has continued after a purchase and sale agreement was

22 approved by the Court with a different buyer with whom he

23 has no relationship.  That, in the view of this Court,

24 constitutes clear and convincing evidence of the contempt

25 which is alleged and now proven by the Receiver.

1        The Court is going to direct the Receiver and

2    counsel to prepare a list of costs and expenses incident

3    only to the contempt proceeding.  The Court is going to

4    direct that a copy of that be furnished, one, to the

5    Court; and two, to Mr. Coccoli.  The Court expects that

6    that will be done not later than one week from today,

7    which is --

8        What's today's date, the 12th?

9        THE CLERK:  12th.

10       THE COURT:  On the 20th at 9:30 --

11       What do we have that day?

12       (Pause)

13       THE COURT:  On the 20th at 9:30 the parties are

14   directed to appear before the Court, at which time I will

15   hear, one, argument as to what ought to be contained by

16   way of a remedy, taking into account the costs and

17   expenses of the Receiver and his counsel.

18       By the way, when I say that is to be delivered, I

19   want to make sure that Mr. Coccoli gets that not at

20   6 o'clock in the afternoon but by noontime of that day so

21   that he can digest it and appropriately comment on it to

22   the Court on the following day.  All right?

23       And such other relief as may be sought the Court

24   will hear on that day and hear any objection to that.

25   Your response to it.

170

1        MR. COCCOLI:  Yes, sir.

2        THE COURT:  All right.  Thank you.

3        ALL PARTIES:  Thank you, Your Honor.

4        THE COURT:  Has everything been marked that should

5    be, gentlemen?

6        MR. HARRINGTON:  Yes, Your Honor.

7        THE COURT:  All right.

8        Mister Coccoli, you only had one exhibit.  You only

9    put in one exhibit; is that right?

10        MR. COCCOLI:  Yes, Your Honor.

11        THE COURT:  All right.

12        We are in recess.  Thank you.

13        (Matter concluded)

14                ( R E C E S S )

15

16

17

18

19

20

21

22

23

24

25

Case Number: PM-2010-4650
Filed in Providence/Bristol County Superior Court
Submitted: 7/13/2016 10:28:52 AM
Envelope: 878044
Reviewer: Alexa Ganeconta

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC.

Lawrence C. LaBonte                )
                     Petitioner    )
                                   )
vs.                                )        P.M. 10-4650
                                   )
New England Development RI, LLC    )
                     Respondent    )

## ORDER GRANTING RECEIVER'S MOTION TO HOLD VINCENT R. COCCOLI, SR. IN CONTEMPT

The above matter was heard on April 6, April 11, April 12, April 20, May 25 and July 11, 2016. After consideration of the testimony, the documents presented and after argument of counsel for the Receiver, Peter J. Furness ("Receiver") and the Respondent, Vincent R. Coccoli, Sr., Pro Se (hereinafter "Coccoli" or "Respondent") and for the reasons stated in the Court's Bench Decisions on April 12, April 20, May 25, June 23 and July 11, 2016: it is therefore,

### ORDERED:

1. The Court finds the Respondent, Vincent R. Coccoli, Sr. in willful contempt of the Court's Order of August 31, 2010.

2. In order to purge his contempt, the Respondent is ordered and directed to pay over to the Receiver the sum of $39,776.00, plus interest representing the reasonable attorneys fees and Receiver's fees and expenses incurred by the Receiver in the prosecution of the above motion as found by the Court on July 11, 2016 as set out in the Expert's Affidavit and Exhibits submitted on July 7, 2016; and

Case Number: PM-2010-4650
Filed in Providence/Bristol County Superior Court
Submitted: 7/13/2016 10:29:52 AM
Envelope: 678044
Reviewer: Alexa Gonsconte

3.  Based upon the evidence presented on May 25, 2016 the Court finds that the Respondent, Coccoli, currently lacks the income or assets to pay the amount ordered in paragraph 2 above nor does he presently have sufficient income or assets to make regular payments towards the retirement of that amount.

   a.  The Court shall review the Respondent's ability to pay the amount ordered in paragraph 2 only upon a request of the Receiver and after notice and the opportunity for the Respondent to be heard on any Objection.

4.  An equitable attorney's lien, in the amount set forth in paragraph 2 is hereby imposed upon any proceeds that might become available to the Respondent from any judgment or settlement in the matter of *Vincent R. Coccoli, Sr. vs. Town of Scituate, et al.,* PC-2015-3539 and upon any funds that may become available to the Respondent as a result of the allowance of any claim within these Receivership proceedings.

   a.  Respondent Coccoli is hereby restrained and enjoined from transferring, selling, encumbering, assigning or taken any action which has the purpose or effect of reducing or eliminating his rights as a plaintiff or claimant in these proceedings.

   b.  A copy of this Order shall be served upon all parties in this proceeding, in *Coccoli v. Town of Scituate, et al.* PC-2015-3539 and upon the Receiver who are hereby ordered, directed and enjoined from making any payments to Coccoli pursuant to any judgments, orders, claims or settlements that may be entered in PC-2015-3539 and/or this Receivership Proceeding

Case Number: PM-2010-4650
Filed in Providence/Bristol County Superior Court
Submitted: 7/13/2016 10:29:52 AM
Envelope: 676044
Reviewer: Alexe Geneconte

without first satisfying in full Coccoli's obligation set forth in paragraph 2,

<u>Supra</u>

c.  Nothing in this Order may be interpreted as a finding, ruling or Order regarding the merits of the claims or defenses set out in the Town of Scituate litigation or the merits of any claim or administrative claim that may be pending or to be filed in this proceeding in the future.

5.  Respondent Vincent R. Coccoli, Sr., his agents, assigns and others acting in concert with him with notice hereof are hereby restrained and enjoined from taking any action which has the purpose or effect of interfering with the Receiver's administration of this receivership estate including but not limited to any actions taken with the purpose or effect of interfering with or restricting the efforts of BMP, LLC, its members, agents, contractors and other acting with them to consummate its Purchase and Sale Agreement with the Receiver for the purchase and redevelopment of the Hope Mill.

Submitted by:

*/s/ Aiden C. Harrington, Esq.*
Richardson, Harrington & Furness
182 Waterman Street
Providence, RI 02906
Tel: (401) 273-9600/Fax: (401) 273-9605
Email: harrington@rhf-lawri.com

ENTER:                                          BY ORDER:

Justice Michael A. Silverstein          /s/ Bearee Henglatsaky

Dated:  7/13/2016                           Clerk, Superior Court  7/13/2016.

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC.

Lawrence C. LaBonte                    )
                 Petitioner            )
                                       )
vs.                                    )           P.M. 10-4650
                                       )
New England Development RI, LLC        )
                 Respondent            )

This matter came on for hearing on January 8, 2016 on the Receiver's Petition to Sell One Main Street, Scituate, Rhode Island (the "Property") Free and Clear of Liens (the "Petition") to BMP, LLC, a Rhode Island Limited Liability Company or its assignee or nominee ("Buyer") and after notice and a hearing on the Receiver's Petition, and consideration of the Objections filed by Vincent Coccoli, Sr. ("VC") and the Receiver's response thereto and the Limited Objection of the Rhode Island Department of Environmental Management ("DEM") and Stipulation entered into between DEM and the Buyer, it is hereby:

## ORDERED, ADJUDGED AND DECREED:

1.    That due and timely Notice of said Petition was provided to all creditors, to other interested parties, the Town of Scituate, the IRS and the Rhode Island Division of Taxation, as set forth in the Certificate of Service filed by the Receiver.

2.    The Property has been sufficiently marketed by the Receive for approximately five plus years, including advertisement of the sale twice in the Providence Journal and that the marketing and sale efforts were commercially reasonable under the circumstances.

3.    That no competing offers for the Property were timely received by the Receiver.

4.    That the Objection to the Petition filed by VC ("Objection") is denied.

5.    That the Limited Objection of DEM is satisfied through the Stipulation filed herein.

6.    That the terms of the Purchase & Sale Agreement entered into between the Receiver and the Buyer ("P&S") are reasonable and represent the highest and best offer for the Property.

6.     That the Receiver's Petition is granted and he is hereby authorized to conditionally sell the Property, "AS IS", "WHERE IS", WITH NO REPRESENTATIONS OR WARRANTIES OF ANY KIND OR NATURE", free and clear of all interests, claims, liens or encumbrances to Buyer, pursuant to the terms of the P&S, for the sum of $650,000 plus Buyer's assumption of the Property subject to the liens of Scituate for real estate taxes, Scituate for Administrative Lien, Coventry for real estate taxes and the DEM Lien and NOV ("Assumed liens") and payment of insurance premiums for the Property through closing.

7.     That upon satisfaction of conditions and payment of the purchase price in full at closing, the Receiver is hereby authorized to execute and deliver a Receiver's Deed conveying all of his right, title and interest as Receiver in and to the Property, free and clear of all interests, claims, liens, encumbrances and municipal or deed restrictions, with the exception of the Assumed Liens to the Buyer, upon the terms and conditions set forth in the Purchase and Sales Agreement and to take all other measures reasonably necessary to effectuate the within authorized sale.

8.     That all interests, claims, liens and encumbrances against the Property, with the exception of the Assumed Liens, are hereby transferred to the proceeds of sale in the same priority that existed prior to such transfer.

9.     That all parties who assert claims or who have an interest, lien or encumbrance against the Property , with the exception of the Assumed Liens, will have their liens extinguished by this Order without any further actions being required of the Receiver and are hereby directed to execute and deliver to the Receiver, within ten (10) days of his written request, lien releases and all other documents necessary to evidence the release and discharge of such interests, claims, liens or encumbrances The claims shall be without prejudice to or waiver of any and all rights, claims and interests of such parties against the sale proceeds from the sale of the Property.

ENTER:                                    BY ORDER:


/s/ Michael A. Silverstein            /s/ Bearce Henglatsamy

Justice Michael A. Silverstein        Clerk, Superior Court    1/8/2016

Dated: January 8, 2016

STATE OF RHODE ISLAND                         SUPERIOR COURT
PROVIDENCE, SC

LAWRENCE LABONTE
              Plaintiff

vs.                                           PM-2010-4650

NEW ENGLAND DEVELOPMENT RI, LLC
              Defendants

<u>ORDER</u>

The parties having entered into a Settlement Agreement in order to resolve all matters

raised in the Receiver's Supplemental Motion for Contempt and the Objection of Vincent R.

Coccoli, Sr. without factual findings or legal conclusions. After consideration and review of the

executed Settlement Agreement attached hereto. It is hereby;

ORDERED

1. The Respondent Vincent R. Coccoli, Sr. is restrained and enjoined from taking

any action either directly or indirectly, individually or with others, which has the purpose or

effect of interfering with the Receiver's administration of the Receivership Estate or in any way

restricting the efforts of the Receiver, BMP, LLC and Paramount, their members, agents,

contractors and others acting with them (collectively "BMP/Paramount") to consummate the

Purchase and Sale Agreement with the Receiver for the purchase and development of the Hope

Mill in Scituate, Rhode Island and more specifically as follows:

(a) Coccoli is restrained and enjoined from causing any Facebook or other

social media postings or repostings, emails, or other communications of any sort which associate

or connect BMP/Paramount, and/or the Receiver and their attorneys, with any alleged

SUPERIOR COURT
FILED
HENRY S. KINCH, JR.
17 NOV 20   AH 9: 07

conspiracy, corruption, perjury, illegal, unscrupulous, fraudulent or incompetent activity relating to the design, permitting, financing or any other aspect of the BMP/Paramount effort to purchase and develop the mill.

(b) Coccoli is restrained and enjoined from naming BMP, Paramount, their principals, agents, employees, contractors, attorneys or the Receiver, his attorneys or agents, in any litigation relating to the mill, specifically including the *Town of Scituate* litigation as identified in the Settlement Agreement.

(c) Coccoli is retrained and enjoined from posting on Facebook or other social media, emails or other form of communication which directly or indirectly or by implication make any connection between the allegations raised by Coccoli in the *Town of Scituate* matter and BMP, Paramount and/or the Receiver, their agents, attorneys or contractors acting with them relating to efforts to develop the Hope Mill.

(d) Coccoli is ordered to delete all Facebook postings or repostings which relate to BMP, Paramount, its agents or attorneys, the Receiver and his attorney, relating to the BMP/Paramount efforts to redevelop the Hope Mill.

2. Coccoli acknowledges that all aspects of the Order entered on July 13, 2016 attached as Exhibit A to the Settlement Agreement remains in full force and effect.

(a) No aspect of the restraining orders entered herein shall restrict or diminish all rights as may be retained by the Respondent, Vincent R. Coccoli, Sr. to pursue the Appeal filed in the *Town of Scituate* matter, SU-2016-0240, except as those claims may be limited by Sections 1(a), 1(b), 1(c), 1(d).

3. The Receiver shall not take any further action with regard to the Supplemental Motion for Contempt and take no further action against Coccoli on account of the activities complained of by the Receiver in the Supplemental Motion for Contempt.

Date:

Enter: _____

Silverstein, J., Associate Justice
Providence County Superior Court
11/20/2017

Per Order:
/s/ Bedree Henglasamy
Clerk, Providence County Superior Court
11/20/17

## Certification

I hereby certify that on October 27, 2017 I sent the above Order to the following parties by electronic mail:

Vincent R. Coccoli

/s/ Kristen Oscarson

STATE OF RHODE ISLAND                        SUPERIOR COURT
PROVIDENCE, SC.

Lawrence C. LaBonte
                Petitioner

vs.                                          PM 2010-4650

New England Development RI, LLC
                Respondent

### SETTLEMENT AGREEMENT

The parties hereto, being Vincent R. Coccoli, Sr. (hereinafter "Coccoli") and Peter J. Furness as Receiver of New England Development (hereinafter "Receiver"), who agree as follows:

WHERES, Peter J. Furness was appointed Permanent Receiver of New England Development on August 31, 2010; and

WHEREAS, the Receivership Estate consists primarily of an abandoned and deteriorating mill building known at the Hope Mill, located in the Village of Hope in the Town of Scituate, Rhode Island and assets relating thereto ("Mill"); and

WHEREAS, the Order Appointing Permanent Receiver included an injunction against any parties taking action against property of the estate or interfering with the Receiver in his administration of the Receivership Estate; and

WHEREAS, Coccoli has, for many years, been engaged in an effort to purchase the Mill and develop the Mill as residential housing; and

WHEREAS, despite entering into a number of Court approved purchase and sale agreements with the Receiver, Coccoli has been unable to close on a sale and develop the property; and

WHEREAS, on or about January 8, 2016 the Providence County Superior Court entered its Order authorizing the Receiver to enter into a Purchase and Sale Agreement with BMP, LLC (hereinafter "BMP") for the purchase and anticipated development of the Mill; and

WHEREAS, BMP is associated with Paramount Development, LLC, and Richard Derosas ("Paramount") to perform the administrative and construction work necessary to develop the Mill and the surrounding property into affordable residential apartments; and

WHEREAS, Paramount and BMP have undertaken substantial efforts to and invested substantial funds in securing the property to date, maintaining insurance for the benefit of the Receiver, developing architectural, engineering and other plans for permitting, construction and financing of the Mill; and

WHEREAS, the Receiver and BMP/Paramount have mutually agreed for consideration to extend the date for closing on BMP's purchase of the property to May of 2018 ("Closing"); and

WHEREAS, Paramount and the Receiver currently have applications pending before the Zoning Board of Review of the Town of Scituate and plans pending before the Planning Commission of the Town of Scituate and matters with the Town counsel all relating to permits and agreements necessary to accomplish the BMP/Paramount plans to develop the Mill; and

WHEREAS, BMP/Paramount has filed applications with Rhode Island Housing for tax credits available for affordable housing and proposals for construction and development financing and expects a favorable decision prior to the expiration of the time for Closing; and

WHEREAS, Coccoli is engaged in litigation against the Town of Scituate, styled *Vincent R. Coccoli, Sr. v. Town of Scituate et al*, Providence County Superior Court CA No. PC-2015-3539 in which Coccoli has appealed from the granting of summary judgment on all claims in favor of all

defendants, SU-2016-0240 in the Rhode Island Supreme Court (the "Town of Scituate Litigation"); and

WHEREAS, after notice and a hearing, Coccoli was found to have violated the Injunction contained within the Order of August 31, 2010 by wrongfully interfering with the Receiver's efforts to close the sale to Paramount; and

WHEREAS, on July 13, 2016, Providence County Superior Court entered an Order finding Coccoli in contempt and entered a more specific Injunction and restraining Order (a copy of the July 13, 2016 Order ("Contempt Order") is attached hereto as Exhibit A); and

WHEREAS, Coccoli has filed an Appeal from the Contempt Order, which is docketed in the Rhode Island Supreme Court, SU-2016-239 (the "Contempt Appeal"); and

WHEREAS, in July 2017 the Receiver filed a Supplemental Motion to Hold Coccoli in Contempt for additional alleged violations of Paragraph 5 of the Contempt Order; and

WHEREAS, Coccoli filed an Objection to the Receiver's Motion and an evidentiary hearing was held on August 23, 2017 and continued on September 1, 2017, in which testimony was taken from Coccoli, Derosas and the Receiver; and

WHEREAS, the Receiver and Coccoli wish to resolve all matters raised in the Receiver's Supplemental Motion for Contempt and Coccoli's Objection without the Court making findings or a decision; and

WHEREAS, Coccoli has represented himself *pro se* in this proceeding, as well as in the *Town of Scituate* matter and both matters in the Supreme Court and has had the opportunity to have an attorney enter an appearance in this matter and to advise him regarding this Settlement Agreement, which he has chosen not to do;

NOW THEREFORE, in consideration of the mutual promises contained herein, the parties agree as follows:

1. Coccoli will take no action either directly or indirectly, individually or with others, which has the purpose or effect of interfering with the Receiver's administration of the Receivership Estate or in any way restricting the efforts of the Receiver, BMP, LLC and Paramount, their members, agents, contractors and others acting with them (collectively "BMP/Paramount") to consummate the Purchase and Sale Agreement with the Receiver for the purchase and development of the Mill, including, more specifically as follows:

a. Coccoli shall refrain from causing any Facebook or other social media postings, or repostings, email or other communication of any sort which connect BMP/Paramount, and/or the Receiver and his attorneys, with any alleged conspiracy, corruption, perjury, illegal, unscrupulous, fraudulent or incompetent activity relating to the design, permitting, financing or any other aspect of the BMP/Paramount effort to purchase and develop the Mill.

b. Coccoli will not name as parties BMP, Paramount, their principals, agents, employees, contractors or attorneys, or the Receiver, his attorneys or agents in any litigation relating to the Mill, specifically including the *Town of Scituate* litigation.

c. Coccoli will not, directly or indirectly, by inference or implication, with Facebook or other social media posting, email or any other form of communication , make any connection between the allegations raised by Coccoli in the *Town of Scituate* matter and BMP, Paramount and/or the Receiver, their agents, attorneys or contractors acting with them in their efforts to develop the Mill;

d. Coccoli will delete all Facebook postings or repostings which relate to BMP, Paramount, its agents or attorneys, or the Receiver and his attorneys, relating to the BMP/Paramount efforts to redevelop the Mill.

2. Coccoli will withdraw the Appeal taken from the Court's Order of July 13, 2016, SU-0239 and Coccoli acknowledges that all aspects of the Order of July 13, 2016 remain in full force and effect.

(a) Coccoli retains all rights to pursue his Appeal in the *Town of Scituate* matter, SU-2016-0240 except as limited by Sections 1(a), 1(b) and 1(c) of this Agreement.

3. The Receiver will withdraw and discontinue, with the permission of the Court, the pending Supplemental Motion for Contempt and take no further action against Coccoli on account of the activities previously complained of by the Receiver in the Supplemental Motion, nor will the Receiver take any further action seeking to find Coccoli in contempt for any actions taken between the entry of the Order on July 13, 2016 through the date of this Agreement unless the terms of the Order are violated.

4. The parties hereto acknowledge that this Agreement is entered into in order to avoid the cost, expenses and risks of continued litigation; neither party is admitting to the facts alleged by the other and the parties are asking that this Agreement be approved by the Court without making any factual findings or legal conclusions based upon the evidence or argument presented.

Vincent R. Coccoli, pro se

Peter J. Furness, Receiver

Alden C. Harrington, Esq.
Attorney for the Receiver

So Ordered:

_____                          _____
Silverstein, J.                                  Clerk
Associate Justice Providence County Superior Court   Providence Country Superior Court

Case Number: PM-2010-4650
Filed in Providence/Bristol County Superior Court
Submitted: 7/13/2016 10:29:53 AM
Envelope: 670014
Reviewer: Alexa Gonecenia

STATE OF RHODE ISLAND                        SUPERIOR COURT
PROVIDENCE, SC.

Lawrence C. LaBonte                    )
                   Petitioner          )
                                       )
                                       )
vs.                                    )          P.M. 10-4650
                                       )
New England Development RI, LLC        )
                   Respondent          )

<u>ORDER GRANTING RECEIVER'S MOTION TO HOLD
VINCENT R. COCCOLI, SR. IN CONTEMPT</u>

The above matter was heard on April 6, April 11, April 12, April 20, May 25 and

July 11, 2016. After consideration of the testimony, the documents presented and after

argument of counsel for the Receiver, Peter J. Furness ("Receiver") and the Respondent,

Vincent R. Coccoli, Sr., Pro Se (hereinafter "Coccoli" or "Respondent") and for the

reasons stated in the Court's Bench Decisions on April 12, April 20, May 25, June 23 and

July 11, 2016; it is therefore,

ORDERED:

1. The Court finds the Respondent, Vincent R. Coccoli, Sr. in willful contempt of

the Court's Order of August 31, 2010.

2. In order to purge his contempt, the Respondent is ordered and directed to pay over

to the Receiver the sum of $39,776.00, plus interest representing the reasonable

attorneys fees and Receiver's fees and expenses incurred by the Receiver in the

prosecution of the above motion as found by the Court on July 11, 2016 as set out

in the Expert's Affidavit and Exhibits submitted on July 7, 2016; and

*Settlement Agreement
Exhibit A*

Case Number: PM-2010-4850
Filed in Providence/Bristol County Superior Court
Submitted: 7/13/2016 10:79:52 AM
Envelope: 678044
Reviewer: Alexa Genecento

3. Based upon the evidence presented on May 25, 2016 the Court finds that the Respondent, Coccoli, currently lacks the income or assets to pay the amount ordered in paragraph 2 above nor does he presently have sufficient income or assets to make regular payments towards the retirement of that amount.

   a. The Court shall review the Respondent's ability to pay the amount ordered in paragraph 2 only upon a request of the Receiver and after notice and the opportunity for the Respondent to be heard on any Objection.

4. An equitable attorney's lien, in the amount set forth in paragraph 2 is hereby imposed upon any proceeds that might become available to the Respondent from any judgment or settlement in the matter of *Vincent R. Coccoli, Sr. vs. Town of Scituate, et al.,* PC-2015-3539 and upon any funds that may become available to the Respondent as a result of the allowance of any claim within these Receivership proceedings.

   a. Respondent Coccoli is hereby restrained and enjoined from transferring, selling, encumbering, assigning or taken any action which has the purpose or effect of reducing or eliminating his rights as a plaintiff or claimant in these proceedings.

   b. A copy of this Order shall be served upon all parties in this proceeding, in *Coccoli v. Town of Scituate, et al.* PC-2015-3539 and upon the Receiver who are hereby ordered, directed and enjoined from making any payments to Coccoli pursuant to any judgments, orders, claims or settlements that may be entered in PC-2015-3539 and/or this Receivership Proceeding

Case Number: PM-2010-4050
Filed in Providence/Bristol County Superior Court
Submitted: 7/13/2016 10:29:52 AM
Envelope: 676944
Reviewer: Alexa Gonconola

without first satisfying in full Coccoli's obligation set forth in paragraph 2,

Supra

c. Nothing in this Order may be interpreted as a finding, ruling or Order
regarding the merits of the claims or defenses set out  in the Town of
Scituate litigation or the merits of any claim or administrative claim that
may be pending or to be filed in this proceeding in the future.

5. Respondent Vincent R. Coccoli, Sr., his agents, assigns and others acting in
concert with him with notice hereof are hereby restrained and enjoined from
taking any action which has the purpose or effect of interfering with the
Receiver's administration of this receivership estate including but not limited to
any actions taken with the purpose or effect of interfering with or restricting the
efforts of BMP, LLC, its members, agents, contractors and other acting with them
to consummate its Purchase and Sale Agreement with the Receiver for the
purchase and redevelopment of the Hope Mill.

Submitted by:

/s/ Alden C. Harrington, Esq.
Richardson, Harrington & Furness
182 Waterman Street
Providence, RI 02906
Tel: (401) 273-9600/Fax: (401) 273-9605
Email: harrington@rhf-lawri.com

ENTER:                                    BY ORDER:

Justice Michael A. Silverstein           /s/ Beatee Henglatsany
                                          Clerk, Superior Court  7/13/2016.
Dated:  7/13/2016