UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                )
VINCENT R. COCCOLI, SR.          )
                                )
        Plaintiff,              )
                                )
    v.                          )        C.A. No. 19-489 WES
                                )
DAVID D'AGOSTINO, JR.            )
et al.                          )
                                )
        Defendants.             )
_____)


**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court are multiple motions to dismiss Plaintiff's Amended Complaint: Municipal Defendants' Motion to Dismiss[1] ("Mun. Defs.' Mot.), ECF No. 20; David D'Agostino, Jr.'s Motion to Dismiss ("D'Agostino Mot."), ECF No. 21; Alden C. Harrington's Motion to Dismiss ("Harrington Mot."), ECF No. 22; and Motion to Dismiss by Peter J. Furness Individually and as Receiver of New England Development, LLC ("Furness Mot."), ECF No. 23. For the reasons stated below, the Court GRANTS all of the Defendants' Motions to Dismiss.

---

[1]     The "Municipal Defendants" include David D'Agostino Sr., David Provonsil, Jeffery Hanson, Theodore Pryzbyla, the Town of Scituate, the Town of Scituate Plan Commission, and Scituate Town Council. Mun. Defs.' Mot. 1.

I.    Factual Background and Travel of the Case[2]

Plaintiff Vincent R. Coccoli, Sr. ("Plaintiff") filed a Verified Complaint and Request for Injunctive Relief against several Defendants.[3] ECF No. 1. The Municipal Defendants filed a Motion to Dismiss, ECF No. 8, and Plaintiff responded by filing an Amended Complaint ("Am. Compl.") on October 22, 2019, ECF No. 19. As outlined above, several Motions to Dismiss were subsequently filed.

Plaintiff's Amended Complaint, at its core, is a response by Plaintiff to his unsuccessful state court lawsuits. See Am. Compl. 2, 21, 26; see also generally Coccoli v. Town of Scituate Town Council, 184 A.3d 1113 (R.I. 2018); Coccoli v. Scituate Town Council, PC-2015-3539 (R.I. Super. Ct.). Plaintiff brought these lawsuits after he was unable to develop the Hope Mill property in Scituate, Rhode Island. See Am. Compl. 1-2, 8-11. The R.I. Supreme Court, in its review of the trial court's reasoning in dismissing the cases, quoted the trial court's apt description of the history of Plaintiff's litigation over the Hope Mill property:

_____

[2]    For a more detailed factual background, particularly on the ins and outs of Plaintiff's state court lawsuits, see Mem. in Supp. of Furness Mot. 3-7, ECF No. 23-1.

[3]    David D'Agostino, Jr., Esq; David D'Agostino, Sr.; Peter Furness, Esq.; Alden Harrington, Esq.; David Provonsil; Jeffrey Hanson; Theodore Pryzbyla; the Town of Scituate; the Town of Scituate Plan Commission/Board; and Scituate Town Council.

At the outset, the trial justice noted what he characterized as plaintiff's 'checkered' history: 'All of the claims evolve out of the plaintiff's efforts over many years to develop, redevelop, the so-called Hope Mill. The history, recent history of the Hope Mill, insofar as judicial proceedings are concerned, is checkered. It has been the subject of receivership proceedings, bankruptcy proceedings, and receivership proceedings again.

'A somewhat common factor running through it has been the pro se plaintiff here. In other circumstances, this [c]ourt has suggested or held that Mr. Coccoli's life is intertwined, to a very great extent, with his desire and his efforts to rehab the mill for multifamily residential purposes primarily, a somewhat monumental task at this point.'

Coccoli, 184 A.3d at 1116 (quoting Coccoli, PC-2015-3539 (R.I. Super. Ct.)).[4]

In his Amended Complaint, Plaintiff makes the following claims: tortious interference with contract and breach of contract (Count One A-E), violation of the Fifth and Fourteenth Amendments' Substantive and Procedural Due Process Clause (Count Two), Malicious Prosecution (Count Three), violation of the First

---

[4]    The Superior Court affirmed the trial court's grant of summary judgment to the Defendants on all counts but one, which was remanded for further consideration, and ultimately summary judgement was also granted on the remaining count. Coccoli, 184 A.3d at 1118-1121; Mem. in Supp. of Mun. Defs.' Mot. 15, ECF No. 20-1 (citing R.I. Superior Court Order of January 14, 2019).

Amendment (Count Four), and breach of fiduciary duty (Count Five).[5]
See Am. Compl. 6, 16, 18-20.  Plaintiff alleges that he "did not
receive a full and fair evidentiary hearing in . . . state court,"
particularly where, he claims, the merits of his case were not
resolved, and new evidence is now available.[6]  Am. Compl. 2, 22,
25.

II.  Standard of Review

In deciding this motion, the Court must determine "whether
– taking the facts pled in the Complaint as true and making all
reasonable inferences in favor of the plaintiff – he has stated a
claim that is 'plausible on its face.'" Doe v. Brown Univ., 166 F.
Supp. 3d 177, 184 (D.R.I. 2016) (quoting Ashcroft v. Iqbal, 556
U.S. 662, 678 (2009)).  When considering a motion to dismiss for
failure to state a claim, a court must first cast aside conclusory

---

[5]     It is not always clear which Counts are against which
Defendants, but Counts One and Five appear to be alleged against
all Defendants (with some sub-parts of each Count only against
certain Defendants), and Counts Two, Three, and Four only against
Peter Furness, Alden Harrington, and David D'Agostino, Jr.

[6]     Plaintiff filed numerous documents after the Motions to
Dismiss were filed.  Some of those exhibits consist of documents
filed in the R.I. Superior and Supreme Courts, which this Court
may take judicial notice of.  See, e.g., ECF Nos. 31, 33, 35-37;
see Boatent v. InterAmerican Univ. Inc., 210 F.3d 56, 60 (1st Cir.
2000) (recognizing a court may consider facts outside of the
complaint that are subject to judicial notice, including matters
of public record); but see Watterson v. Page, 987 F.2d 1, 3 (1st
Cir. 1993) ("Ordinarily . . . any consideration of documents not
attached to the complaint, or not expressly incorporated therein,
is forbidden . . . .").  The Court declines to take judicial notice
of any documents other than the ones filed in state court.

statements and recitals of elements. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). It must then accept well-pleaded facts, "draw[ing] all reasonable inferences therefrom in the pleader's favor." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013). If the surviving factual matter states a plausible claim for relief, then the motion must be denied. Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.). Additionally, Fed. R. Civ. P. 8(a)(2) requires a pleading to contain a "'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. V. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Pro se pleadings should be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, pro se litigants are still held to basic pleading standards. See Sergentakis v. Channell, 272 F. Supp. 3d 221, 224-25 (D. Mass. 2017).

III. Analysis

A. Failure to State Claims: Counts One and Five

Defendants argue that Counts One and Five of Plaintiff's Complaint fails to state claims upon which relief can be granted because he does not identify the particular conduct of any Defendant giving rise to any alleged liability. Mem. in Supp. of

Mun. Defs.' Mot. 6, ECF No. 20-1.[7]  In order for the Complaint to be "facially plausible", the Court must be able to draw a reasonable inference that the "specific defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 556.  To do so, the Complaint must link each Defendant to specific facts.  Id.

In the introductory section to Count One of the Complaint, Plaintiff generally alleges tortious interference with existing and prospective contractual economic damages and tortious inducement to breach and breach of contract.  Am. Compl. 6. Plaintiff then goes on to contend that "Defendants' continuing conduct . . . has interfered with [his] efforts to develop the Hope Mill Property", and that "all the Defendants named in this complaint at all times . . . were engaged in interference . . . to hinder the Plaintiff[']s efforts[.]"  Id. 6-7.

Counts One and Five of the Complaint, as presently drafted, do not adequately put the named Defendants on notice as to the particular claims brought against particular Defendants, and the specific facts relevant to such individual claims.  Twombly, 550 U.S. at 556; Redondo Waste Sys., Inc. v. Lopez-Freytes, 659 F.3d 136, 140 ( 1st Cir. 2011) (noting that if a complaint fails to "allege facts linking each defendant to the grounds on which that

---

[7]     The other Motions to Dismiss incorporate large swaths of text from the Municipal Defendants' Motion, and as such the Court will refer to the other Motions only where they differ.

particular defendant is potentially liable" the court must dismiss the action).  In addition to not naming each defendant separately, Plaintiff fails to allege how Defendants, even as a whole, interfered with his redevelopment efforts, let alone how that interference rises to the level of a tort, where the Complaint merely contains rote recitations of the elements of each cause of action.  See Am. Compl. 9-13, 15-16.

In Count 1A, Plaintiff claims that the Defendants interfered with a Memorandum of Understanding ("MOA").  Am. Compl. 7.  But again he does not allege any specific acts of interference by any particular Defendant, and his allegations are also conclusory.[8] Id.; see Doe v. Amherst Coll., 238 F. Supp. 3d 195, 221 (D. Mass. 2017) (finding conclusory allegation that the defendants acted maliciously insufficient to satisfy malice standard). Additionally, this MOU was made between Coccoli and the Municipal Defendants, and a party cannot interfere with its own contract. See Robertson Stephens, Inc. v. Chubb Corp., 473 F. Supp. 2d 265,

_____

[8]      Even taking all of Plaintiff's allegations regarding the contents of the recording of the town hall meeting as true, he still fails to state a cognizable claim.  Am. Compl. 22-26. These allegations are contained in a section at the end of Plaintiff's Complaint, titled "Legal Summary," and presumably are meant to support all his claims.  Id.
         Notably, in state court, Plaintiff filed a motion for reconsideration of the granting of summary judgment for Defendants on the basis of this same recording and his motion was denied. See Am. Compl. 21; Mem. in Supp. of Mun. Defs.' Mot. 5 (citing Coccoli, PC-2015-3539 (R.I. Super. Ct. July 31, 2019).

275 (D.R.I. 2007)(stating it is "well settled that a party cannot tortuously interfere with its own contract").[9]

Count 1B, in which Plaintiff alleges "Defendants" interfered with a purchase and sale agreement he had with a receiver, also fails to state a claim. Am. Compl. 10. Plaintiff's contentions that "all [] Defendants knew of the relationship" and that "Defendants engaged in . . . violations of federal or state law" are conclusory allegations and, like those in Count 1A, do not contain sufficient particularity and specificity to put Defendants on proper notice. Id.

In Count 1C, Plaintiff alleges that "all Defendants intentionally interfered" with the economic relationship between him and the United States Department of the Interior, Fallbrook Credit Finance and/or Chevron, and in Count 1D, he makes the same claim regarding his alleged relationship with the State of Rhode Island and Providence Plantations Historical Preservation & Heritage Commission. Am. Compl. 12-14. He claims that, but for the interference, those relationships "probably would have resulted in an economic benefit" to Plaintiff. Id. He alleges

---

[9]    Furthermore, this claim was already litigated in Rhode Island state court, and after the Supreme Court vacated and remanded this claim, the trial court determined that Defendants did not breach any contract with the Plaintiff relating to this MOU; thus, the claim is barred by res judicata. See Coccoli, 184 A.3d at 1118-19; Mem. in Supp. of Mun. Defs.' Mot. 15 (citing R.I. Superior Court Order of January 14, 2019).

that Defendants' conduct was a "substantial factor" in causing him "harm[]". Id. at 13-14. As with the previous counts, the Court finds that Plaintiff has failed to sufficiently allege which Defendants knew of this relationship and how specifically any Defendants interfered with it.

Count 1E alleges that Defendants interfered with an "economic relationship" between Plaintiff and Michael Belfonti involving an $18 million dollar contract to fund his project. Am. Compl. 15-16. This count is also conclusory and fails to put Defendants adequately on notice.

Count Five consists of an allegation that each Defendant breached fiduciary duties they owed to Plaintiff based on "all the various contracts described in this [C]omplaint." Am. Compl. 20. This Count also fails to allege who did what to whom, what contractual obligation arose, and what fiduciary duty was created and therefore breached, particularly in light of the fact that fiduciary duties go beyond ordinary contractual duties. Id.; see Fraioli v. Lemcke, 328 F. Supp. 2d 250, 267 (D.R.I. 2004) (noting that "a fiduciary relationship is limited to the unusual case where the relationship goes far beyond that found in an ordinary business transaction.").

B. Failure to State Claims: Counts Two, Three, and Four

In Count Two, Plaintiff alleges that Defendants Peter Furness, Alden Harrington, and David D'Agostino, Jr. violated his

substantive and procedural due process rights under the Fifth and Fourteenth Amendments by "conspir[ing] to deprive the Plaintiff of life, liberty, and property, without due process of law." Am. Compl. 16. Specifically, Plaintiff "contends that the state trial justice erred when he found that the town nor the receiver had not deprived [P]laintiff of his constitutionally protected property interests." Id. It appears that this is another attempt to re-litigate a case that Plaintiff lost in state court. Plaintiff's grievance is clearly with the Rhode Island Superior Court and not the actions of any of the named Defendants. Accordingly, Count Two also fails to state a viable claim.

Count Three, a claim of malicious prosecution against the same three Defendants, alleges that the "trial court was biased" in the aforementioned state court lawsuit. Am. Compl. 18. Similarly, as best this Court can make out, the allegations in Count Four appear to be rooted in decisions of the state court judges, and not the actions of Defendants. See Am. Compl. 19-20. Plaintiff references a contempt suit brought by "the attorneys and trial justice", which he alleges violated his First Amendment rights. Id. at 19. Therefore, for the same reasons outlined above, Counts Three and Four also fail to state cognizable claims.

C. Res Judicata

Defendants argue that even if this Court found that Plaintiff

had stated valid claims in his Amended Complaint, those claims are "nonetheless barred by the doctrine of res judicata." Mem. in Supp. of Mun. Defs.' Mot 13; Mem. in Supp. of Furness Mot. 17. "The doctrine of res judicata bars the relitigation of all issues that were tried or might have been tried in an earlier action." Huntley v. State, 63 A.3d 526, 531 (R.I. 2013) (internal quotation marks and citation omitted) (emphasis in original).[10] Where there is identity of parties, identity of issues, and finality of judgment, the doctrine of res judicata applies. Id. The Court agrees with Defendants that all three of those factors exist here, and therefore Plaintiff is barred from re-litigating his claims in this forum. See id.; Mem. in Supp. of Mun. Defs.' Mot. 13-17; Mem. in Supp. of Furness Mot. 17-20.

Additionally, there are ongoing state receivership proceedings that further bar Plaintiff from bringing claims against Defendant Furness. See Mem. in Supp. of Furness. Mot. 20-21; see also generally Furness Mot. to Dismiss, Ex. C, ECF No. 23-4; Furness Mot. to Dismiss Ex. D, ECF No. 23-5.

---

[10] This Court applies Rhode Island state law regarding res judicata when the Court is determining whether a judgment entered by a Rhode Island state court has a preclusive effect. See R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182-3 (1st Cir. 2006) (applying Puerto Rico's law regarding res judicata to determine the preclusive effect of a judgment entered by the Puerto Rico Court of First Instance).

IV.  Conclusion

For the reasons outlined above, the Court GRANTS Municipal Defendants' Motion to Dismiss, ECF No. 20; David D'Agostino, Jr.'s Motion to Dismiss, ECF No. 21; Alden Harrington's Motion to Dismiss, ECF No. 22; and Motion to Dismiss by Peter Furness Individually and as Receiver of New England Development, LLC, ECF No. 23.  Accordingly, Plaintiff's Amended Complaint is dismissed.[11]

IT IS SO ORDERED.

_WESmith_

_____
William E. Smith
District Judge
Date: April 13, 2020

---

[11]  Defendants' earlier-filed motions seeking to dismiss Plaintiff's original Complaint, ECF Nos. 8, 12, 14, are DENIED AS MOOT.